**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIDELIS NKENGANYI, | No.    21-70184 |
| Petitioner, | Agency No. A213-187-006 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2022
Portland, Oregon

Before:  BADE and SANCHEZ, Circuit Judges, and LEFKOW,[**] District Judge.
Partial Concurrence and Partial Dissent by Judge BADE.

Fidelis Nkenganyi, a native and citizen of Cameroon, seeks review of a

decision by the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) denial of asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.

We review the "factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief" for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). The agency's determination is not supported by substantial evidence if the record compels a contrary conclusion. *Id.* Where, as here, the BIA's decision "relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

1.      Substantial evidence supports the agency's denial of asylum and withholding of removal on adverse credibility grounds. The IJ must provide "specific and cogent reasons" for an adverse credibility determination, *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), considering the "totality of the circumstances and all relevant factors," *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020). "Such factors include . . . an applicant's 'demeanor, candor, or responsiveness' as well as the consistency between an applicant's statements and other evidence in the record." *Id.* at 1065 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The IJ found Nkenganyi not credible based on a lack of candor and fourteen separate inconsistencies within his testimony and between his testimony and the record evidence. The IJ properly considered Nkenganyi's "explanation[s] for [the]

perceived inconsistenc[ies]," *Shrestha*, 590 F.3d at 1044, and provided "specific and cogent reasons supporting" her determination, *id.* at 1042. On appeal, the BIA affirmed the IJ's adverse credibility determination "[b]ased on the significant inconsistencies in the record and the unpersuasive explanations for those discrepancies."

The agency's denial of asylum and withholding of removal on adverse credibility grounds is supported by substantial evidence because the record does not compel a contrary conclusion. Thus, the petition is denied with respect to the asylum and withholding of removal claims.

2.     Substantial evidence does not support the agency's denial of CAT protection. An applicant for CAT relief bears the burden of proving that he is "more likely than not" to be tortured "by . . . or with the consent or acquiescence of a public official" if sent to his designated country of removal. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001) (internal quotation marks omitted). "It is important to keep in mind that the CAT standard is 'distinct' from that of asylum and the two bases for relief 'should not be conflated.'" *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022) (quoting *Farrah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003)). An adverse credibility determination is not fatal to a CAT claim, so long as other evidence standing alone supports the claim. *Shrestha*, 590 F.3d at 1048–49. When deciding whether to grant relief under CAT, the agency must

3

consider "all evidence relevant to the possibility of future torture." 8 C.F.R.
§ 1208.16(c)(3). "In particular, where potentially dispositive testimony and
documentary evidence is submitted, the BIA must give reasoned consideration to
that evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). Evidence of past
torture is highly relevant to CAT claims, *see Akosung v. Barr*, 970 F.3d 1095, 1105
(9th Cir. 2020), and "country conditions alone can play a decisive role" in granting
CAT relief, *Kamalthas*, 251 F.3d at 1280.

Nkenganyi submitted both third-party affidavits and country conditions
reports to support his claim that he will be tortured by Cameroonian government
forces if removed to Cameroon. Taken together, the affidavits from Nkenganyi's
wife, brother, and former employer describe Nkenganyi's being beaten, detained,
tortured, and extorted by government forces, apparently fueled by accusations
(which, according to Nkenganyi, are false) that he is a separatist supporter. The
affidavits further state that the Cameroonian "forces of law and order" have been
searching for Nkenganyi since he left. The country conditions reports describe an
ongoing conflict between the Cameroonian government and Anglophone separatist
groups, in which "government forces [have] killed civilians." Because the
affidavits provide accounts of prior torture and abuse at the hands of military
officials, this potentially dispositive evidence required reasoned consideration by
the agency. *See Udo*, 32 F.4th at 1201, 1204–05.

In affirming the IJ's denial of CAT relief, the BIA mentioned that the CAT claim was "based on the same testimony that the [IJ] found not credible" and that Nkenganyi did not demonstrate his eligibility "independent of the incredible testimony." This brief reference to the IJ's decision does not, alone, show that the BIA adequately considered the highly probative evidence presented.

The IJ's decision regarding the CAT claim contained only a cursory mention of this evidence. Although the IJ discussed the affidavits elsewhere in the decision, it was only to point out perceived inconsistencies with Nkenganyi's testimony. The IJ did not evaluate the affidavits independently to assess Nkenganyi's claim of torture or determine that this evidence lacked credibility or weight.[1] "In the face of persuasive evidence, the agency's dismissive, fleeting reference to that evidence is insufficient and falls far short of the agency's obligation to give 'reasoned consideration' to the evidence." *Id.* at 1205.

Regarding the country conditions evidence, the IJ acknowledged that the reports showed "significant human rights abuses" against Anglophones in Cameroon but concluded that this did not establish Nkenganyi's eligibility for CAT protection because he had not "met his burden in demonstrating that he is an

---

[1] The IJ briefly mentioned Nkenganyi's wife's affidavit in the CAT claim section of the decision, but it was in the context of finding that Nkenganyi's family remains unharmed in Cameroon. It was not an evaluation of whether the independent evidence sufficiently establishes eligibility for CAT protection.

5

Anglophone." But the BIA did not adopt the IJ's finding that Nkenganyi lacked candor regarding his Anglophone status and did not otherwise discuss Nkenganyi's Anglophone identity anywhere in its decision. In the absence of the rationale relied upon by the IJ, the BIA did not provide any other explanation for concluding that the country conditions evidence was not sufficient to meet Nkenganyi's burden for demonstrating CAT eligibility.[2] Finally, even if the BIA had adopted the IJ's finding that Nkenganyi failed to establish his Anglophone status because he testified that French is his best language, remand is still appropriate. The affidavits from his family and school administrator are potentially dispositive evidence that the government *perceives* him to be an Anglophone separatist and he experienced torture based on this imputed characteristic. *See Udo*, 32 F.4th at 1205 ("Had the agency accorded any weight to this evidence, it could have" found "the missing factual finding upon which the agency predicated its denial of CAT relief.").

On remand, the agency must give reasoned consideration to potentially dispositive evidence, including the affidavits and country conditions reports. *Id.* at

---

[2] The dissent argues that the BIA incorporated and adopted all of the IJ's reasons for denying relief under CAT "without additional commentary," including the IJ's finding that Nkenganyi's fear of torture was not well-founded because he failed to establish that he is an Anglophone. Where, as here, the BIA expressly adopts certain grounds relied upon by the IJ and omits mention of other grounds, "[o]ur review is limited to those grounds explicitly relied upon by the [BIA]." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) (quoting *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016)); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 n.5 (9th Cir. 2021).

1202–03; *see also* 8 C.F.R. § 1208.16(c)(3) ("In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future shall be considered.").

**PETITION FOR REVIEW DENIED IN PART AND GRANTED IN PART.**

BADE, Circuit Judge, concurring in part, and dissenting in part:

I concur in part 1 of the disposition, which denies the petition with respect to the petitioner's asylum and withholding of removal claims. But in part 2, the majority fails to follow our well-settled precedent that requires us to consider both the BIA's and IJ's decisions when the BIA incorporates or agrees with the IJ's reasoning, and it ignores our caselaw applying the CAT implementing regulations, 8 C.F.R § 1208.16(c)(3). When the record is properly reviewed, substantial evidence supports the agency's denial of CAT relief. Therefore, I would deny the petition in its entirety. I respectfully dissent from part 2 of the disposition.

1.       As an initial matter, the majority correctly acknowledges that "[w]here, as here, the BIA's decision 'relies in part on the immigration judge's reasoning, we review both decisions.'" Mem. Disp. at 2 (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). Indeed, we have long held that when the BIA incorporates portions of the IJ's decision "as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) (citations omitted).[1]

---

[1] *See also, e.g., Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019) (same); *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (same); *Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009) (reviewing the IJ's decision when the BIA adopted and affirmed the IJ's decision "without adding any commentary of its own")).

Here, the BIA incorporated the IJ's reasoning for denying CAT relief, with direct citations to the incorporated section of the IJ's decision, and without additional commentary.[2] *See Sinha*, 564 F.3d at 1019–20. Specifically, the BIA adopted the IJ's reasoning in denying CAT relief based on Petitioner's incredible testimony and his failure to present objective evidence of government acquiescence. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018) (concluding that the BIA adopted the IJ's reasoning when it "agree[d] with the [IJ] that the evidence [was] insufficient to establish the likelihood of torture," with government acquiescence).

The IJ's incorporated decision gave several reasons for denying CAT relief. First, Petitioner's fear of torture was based on a series of suppositions, including that he would be identified as an Anglophone, but Petitioner testified that his best

---

[2] In denying Petitioner's CAT claim, the BIA affirmed and adopted in its entirely the IJ's CAT analysis, without any additional commentary, stating:

> Further, we affirm the Immigration Judge's denial of CAT protection (IJ at 10-12; Respondent's Br. at 25-26). The respondent's claim for CAT protection is based on the same testimony the Immigration Judge found not credible (IJ at 11). We agree with the Immigration Judge that the respondent did not establish, independent of the incredible testimony, that it is more likely than not he will be tortured by or at the instigation of, or with the consent or acquiescence of (to include the concept of "willful blindness"), a public official or other person acting in an official capacity in Cameroon (IJ at 11-12).

Thus, the majority's assertion that the BIA adopted some, but not all, of the IJ's reasons for denying CAT relief, Mem. Disp. at 6 n.2, is flatly wrong and irreconcilable with the plain language of the BIA's decision.

language is French. Therefore, he "failed to establish the very first link in the chain of causation." Second, Petitioner's family remained unharmed in Cameroon. Third, although Petitioner claimed that his wife was in hiding in Cameroon, her affidavit states that Cameroonian law enforcement frequently visit her looking for Petitioner, which does not make sense if she is in hiding. Fourth, Petitioner left Cameroon without incident. In sum, the IJ—and by incorporation, the BIA—concluded that "the evidence does not show any particularized risk of torture for [Petitioner] beyond that faced by the general population of Cameroon, which does not rise to a 'clear probability' of occurrence."

The majority, however, dismisses the agency's fulsome reasoning that Petitioner failed to establish his CAT claim. The majority asserts that because the BIA did not address the IJ's finding that Petitioner misrepresented his English proficiency in its discussion of the IJ's adverse-credibility determination, that means the BIA did not adopt the IJ's reasoning that the Petitioner had not established he is an Anglophone, which is the basis for his CAT claim.[3] Mem. Disp. at 5-6.

But the majority's analysis is inconsistent with our case law requiring us to look to the IJ's reasoning when, as here, the BIA incorporates it without any

---

[3] Notably, the agency's conclusion that Petitioner had not established his Anglophone status was based *both* on his lack of candor regarding his English language proficiency and his testimony that French is his best language.

3

"commentary" of its own. *Sinha*, 564 F.3d at 1019–20; *see also, e.g.*, *Flores-Lopez*, 685 F.3d at 861; *Molina-Estrada*, 293 F.3d at 1093. The IJ denied Petitioner's CAT claim, in part, because Petitioner did not establish the basis for his claim—that he is an Anglophone. The BIA adopted that reasoning and incorporated it into its decision. The BIA's decision, when read properly to incorporate the IJ's decision, is amply supported by substantial evidence.

2. The majority also concludes that the agency did not adequately consider "all evidence relevant to the possibility of future torture," as the CAT implementing regulations require. *See* 8 C.F.R § 1208.16(c)(3). To support its argument that the agency did not consider all the evidence, the majority cites *Cole v. Holder* for the unremarkable proposition that when potentially dispositive evidence is submitted, "the BIA must give reasoned consideration to that evidence." Mem. Disp. at 4 (quoting 659 F.3d 762, 772 (9th Cir. 2011)). But tellingly, the majority omits any discussion of our explication in *Cole* of how this regulation is applied.

In *Cole*, after noting the regulation, we stated "[t]hat is not to say that the BIA must discuss each piece of evidence submitted. When nothing in the record or the BIA's decision indicates a failure to consider all evidence, a 'general statement that [the agency] considered all the evidence before [it]' may be sufficient." 659 F.3d at 771 (second and third alterations in original) (citation omitted). We further

4

described indications that the BIA failed to consider all the evidence, such as "misstating the record and failing to mention highly probative or potentially dispositive evidence." *Id*. at 771–72 (citations omitted); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1182–83 (9th Cir. 2021) (explaining that, even under the CAT implementing regulations, the agency need not discuss every piece of evidence submitted); *Gonzalez-Caraveo*, 882 F.3d at 894–95 (rejecting argument that the agency failed to consider evidence for CAT claim because although the IJ and BIA "could have elaborated in their respective decisions, there is no indication of misstating the record or of the IJ failing to mention critical evidence") (citations omitted); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (explaining that 8 C.F.R. § 1208.16(c)(3) "does not require an IJ's decision to discuss every piece of evidence; it only requires that the IJ consider all evidence").

Here, the majority claims that the agency did not adequately consider third-party affidavits and letters from Petitioner's wife, brother, and former employer. Mem. Disp. at 4–5. Because the BIA and IJ discussed these documents specifically, at length, and in detail in their decisions, the majority's claim that the agency did not consider these documents strains credulity.[4] Moreover, the BIA

---

[4] The majority seems to suggest that the agency must discuss each piece of evidence in its discussion of *each* claim. Mem. Disp. at 5 (acknowledging that "the IJ discussed the affidavits elsewhere in the decision"). But it cites no authority to support this position, which flatly contradicts our repeated explanation of the agency's obligations to consider the evidence.

and IJ did not simply provide catchall statements that they had considered all the evidence. Instead, the IJ's decision listed all the evidence she considered, and this evidence included the third-party affidavits and letters from Petitioner's wife, brother, and former employer, which were also attached as exhibits to the IJ's decision. The BIA's decision also described the letters and affidavits and identified them by exhibit numbers. There is no indication that the BIA or IJ failed to consider all the documentary evidence as neither "misstat[ed] the record [or] fail[ed] to mention highly probative or potentially dispositive evidence." *See, e.g.*, *Cole*, 659 F.3d at 771–72.

Because the IJ and BIA adequately considered all the evidence, and because requiring further treatment of the affidavits and country condition reports creates a standard more demanding than that required by our caselaw, I would deny the petition.